MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO APPLICATION OF SENATE PERMANENT SUBCOMMITTEE
ON INVESTIGATIONS TO ENFORCE SUBPOENA DUCES TECUM

# Exhibit M

RON JOHNSON, WISCONSIN, CHAIRMAN

| | |
|---|---|
| JOHN McCAIN, ARIZONA | THOMAS R. CARPER, DELAWARE |
| ROB PORTMAN, OHIO | CLAIRE McCASKILL, MISSOURI |
| RAND PAUL, KENTUCKY | JON TESTER, MONTANA |
| JAMES LANKFORD, OKLAHOMA | TAMMY BALDWIN, WISCONSIN |
| MICHAEL B. ENZI, WYOMING | HEIDI HEITKAMP, NORTH DAKOTA |
| KELLY AYOTTE, NEW HAMPSHIRE | CORY A. BOOKER, NEW JERSEY |
| JONI ERNST, IOWA | GARY C. PETERS, MICHIGAN |
| BEN SASSE, NEBRASKA | |

KEITH B. ASHDOWN, STAFF DIRECTOR
GABRIELLE A. BATKIN, MINORITY STAFF DIRECTOR

United States Senate

COMMITTEE ON
HOMELAND SECURITY AND GOVERNMENTAL AFFAIRS
WASHINGTON, DC 20510-6250

August 28, 2015

**VIA ELECTRONIC MAIL**

Mr. Steven R. Ross
Akin, Gump, Strauss, Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036

Dear Mr. Ross:

We write in response to your August 26, 2015 letter on behalf of Backpage.com, LLC ("Backpage") restating your First Amendment concerns regarding the Subcommittee's subpoena for documents and raising similar concerns regarding the deposition subpoenas issued to Backpage employees Mr. Andrew Padilla and Ms. Joye Vaught. In that letter, you request that the Subcommittee withdraw or suspend the deposition subpoenas to Mr. Padilla and Ms. Vaught. The Subcommittee declines that request and will proceed with these depositions as provided in the subpoenas.

As a preliminary matter, Backpage's August 26, 2015 letter was transmitted more than four hours *after* the Subcommittee had responded in detail to its constitutional claims. Therefore, the letter's assertion that the Subcommittee has not "responded to [its constitutional] concerns" is incorrect.

As explained in the Subcommittee's August 26 letter, Backpage provided no plausible rationale for refusing to comply with the Subcommittee's July 6, 2015 subpoena for documents. Backpage now asserts—with no further legal analysis or authority—that the First Amendment shields Mr. Padilla and Ms. Vaught from their legal obligation to appear for a deposition on September 2 and 3. Our assessment remains the same: Backpage's blanket assertion of privilege with respect to the deposition subpoenas, like its sweeping refusal to comply with the documentary subpoena, is without merit. Accordingly, the Subcommittee refers Backpage to its August 26, 2015 letter, in which it reminded the company of its continued obligation to provide responsive documents for which it has no legitimate claim of privilege and, if necessary, a privilege log for any specific documents or category of documents that it considers to be protected by constitutional privilege.

The Subcommittee also objects to Backpage's unfounded and irresponsible claim that our investigation is "related to—and indeed connected with—recent explicit efforts by other governmental actor's to halt Backpage.com's" business. As previously stated to Backpage counsel, that allegation is false. Furthermore, Backpage's litigation in other jurisdictions, including any "legal attention" that the company may "dedicate[]" to the lawsuit it filed against

Cook County Sheriff Thomas J. Dart, provides no legal excuse to refuse to comply with the Subcommittee's subpoenas.[1]

We remind you that the Subcommittee attempted to work with Backpage to obtain the information necessary to its inquiry. Given the serious legal consequences that may result from the refusal to comply with duly authorized congressional subpoenas, please let us know *today*: (a) whether the deponents have been advised of their opportunity to choose their own counsel, and if so whom they have retained; (b) the deponents' individual positions with respect to the subpoenas; and (c) whether Backpage continues to claim that the First Amendment bars all three subpoenas.

Thank you for your attention to this matter.

Sincerely,

Rob Portman
Chairman
Permanent Subcommittee on Investigations

Claire McCaskill
Ranking Member
Permanent Subcommittee on Investigations

---

[1] We note that Backpage's motion for a preliminary injunction against Sheriff Dart was denied on August 20, 2015. See *Backpage.com, LLC v. Dart*, No. 15-cv-06340, slip op. at 24 (N.D. Ill. Aug. 24, 2015).